# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

AMERICAN NATIONAL PROPERTY
AND CASUALTY COMPANY,                                                    PLAINTIFF

VS.                                                                 NO. 1:05CV241-P-D

SANDRA HICKS, et al.,                                                    DEFENDANTS

## OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is the Plaintiff's motion for summary judgment against only Defendant Joel Ryland[1]. Upon due consideration the Court finds that the motion shall be granted.

*A. Factual Background*

On December 28, 2004, a house fire occurred at 1021 S. Meridian Street in Aberdeen, Mississippi. At the time of the fire, the occupants of the house Mary Ryland and her daughter Ciara Todd were in Memphis, Tennessee.[2] Mary Ryland and her daughter Sandra Hicks contend they jointly owned the property.[3] Sandra Hicks, however, has lived in Brooklyn, New York continuously

---

[1] American National Property and Casualty Company ("ANPAC") contends that it has entered into settlement agreements with every Defendant except for Joel Ryland and that he is the only remaining Defendant.

[2] Despite being given ample opportunity and instruction regarding an appropriate response to a motion for summary judgment, the *pro se* Defendant has wholly failed to respond. Therefore, the facts have been largely extracted from ANPAC's complaint and motion for summary judgment.

[3] County records indicate that Joel Ryland conveyed the property to Sandra Hicks in a quitclaim deed on March 26, 2002. At the time Joel Ryland was married to Mary Ryland. The couple was divorced on June 24, 2005. Mississippi law, however, prohibits the transfer of real property, that is homestead, without the written consent of the other spouse. Miss. Code Ann. § 89-1-29. Since the divorce predates the transfer and there is no proof that Mary Ryland ratified

since 1993 and has never resided at the Aberdeen property. At the time of the loss, the property was covered by an ANPAC insurance policy. Sandra Hicks insured the property in her name through ANPAC. Mary Ryland, Sandra's mother, was an agent for ANPAC when the policy was issued. In fact, Mary signed the necessary documents for coverage on the property and premium payments were drafted from Mary's account.

The property was subject to a deed of trust in favor of Citicorp Trust Bank, successor-in-interest to Travelers bank and Trust (the "mortgagee") in the amount of $227,089.06, as of July 25, 2005. The amount of the deed of trust in favor of the mortgagee exceeds the policy limits of $212,900 covering dwelling loss. Accordingly, ANPAC argues that all proceeds of the policy have been exhausted and Joel Ryland is not entitled to relief.

## B. Standard of Review

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, 275 (1986) ("the burden on the moving party may be discharged by 'showing'...that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by...affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274. That burden is not discharged by "mere allegations or denials." Fed. R. Civ. P. 56(e). All legitimate factual

---

the quitclaim deed, the conveyance may be void or voidable. Given the coverage limitations of the policy, the court need not resolve this issue.

inferences must be made in favor of the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 2513, 91 L. Ed. 2d 202, 216 (1986). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. at 2552, 91 L. Ed. 2d at 273. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

*C. Discussion*

In Mississippi, all insurance policies covering mortgaged property are required to contain a standard mortgage clause. Miss. Code Ann. § 83-13-9. These mandated mortgage clauses have been interpreted as creating a separate contract of insurance between the mortgagee and the insurer. *Lumbermens Mut. Cas. Co. v. Thomas*, 555 So.2d 67, 69 (Miss. 1989). Under a standard mortgage clause, the mortgagee is entitled to the proceeds of the policy and his right to recover will not be invalidated by the act or negligence of the mortgagor of the insured's property. *Weems v. American Sec. Ins. Co.*, 450 So.2d 431, 436 (Miss. 1984). Stated differently, "no act or default of any person other than the mortgagee or those claiming the proceeds under the mortgagee shall affect the rights of the mortgagee to recover in case of loss." *Hartford Fire Ins. Co. v. Associates Capital Corp.*, 313 So.2d 404, 407 (Miss. 1979). Furthermore, when a loss occurs, an insurer has an obligation to first satisfy the debt owed to the mortgagee, before paying remaining proceeds, if any, to the insured. *See Talman Federal Sav. & Loan Ass'n v. American States Ins. Co.*, 468 So.2d 868, 872-73 (Miss. 1985). The insurer, however, has no obligation to either the mortgagee or mortgagor beyond the

3

policy limits. *National Farers Union Property & Cas. Co. v. First Columbus Nat. Bank*, 669 So.2d 767, 770-72 (Miss. 1996).

In the case *sub judice*, it is undisputed that Mary Ryland owed $227,089.06, as of July 25, 2005, on the property. The insurance policy limit for the home was $212,900. Thus, the outstanding debt on the home exceed the amount which ANPAC was obligated to pay under the policy for loss to a dwelling[4]. Once the mortgagee was paid, there were no remaining insurance proceeds to be distributed to the insured.[5] Since the debt exceeds the policy limit, Joel Ryland, nor any other named or unnamed insured, is entitled to insurance proceeds covering the dwelling loss.[6] Accordingly, the court finds that there is no genuine issue of disputed fact and ANPAC's motion for summary judgment should be granted.

## D. Conclusion

In sum, Defendant Joel Ryland has failed to demonstrate the existence of a disputed issue of material fact worthy of a jury's consideration. Consequently, summary judgment shall appropriately be granted in favor of ANPAC.

---

[4] The court highlights the use of the term "dwelling" because the insurance policy also covered loss of, *inter alia*, personal property.

[5] Part of the controversy in this case was whether or not Joel Ryland would have been entitled to recover any of the insurance proceeds should there have been any remaining after the mortgagee was paid. Joel Ryland did not file a counterclaim asserting his right to the proceeds. He did, however, repeatedly demand payment of all the proceeds in his answer to ANPAC's complaint. In response, ANPAC argued that Joel Ryland was not an "insured" as defined by the policy. The court is inclined to agree with ANPAC's argument but need not decide the issue since there were no proceeds remaining to be distributed to any insured for the dwelling loss.

[6] Given the absence of any claims to the contrary, the court, thus, assumes that Joel Ryland is not entitled to any insurance proceeds for loss of personal property.

A separate order in accordance with this opinion shall issue this day.

This the 3rd day of April, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

~9014781.wpd